In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00288-CV
NO. 09-24-00289-CV

IN RE BERKLEY REGIONAL INSURANCE COMPANY, BERKLEY
NATIONAL INSURANCE COMPANY, AND BRITTANY CUSACK

**and**

BRITTANY CUSACK, Appellant

V.

WALTER NAYMOLA JR., Appellee

_____

**Original Proceeding and On Appeal from the
136th District Court of Jefferson County, Texas
Trial Cause No. 24DCCV1247**

_____

**MEMORANDUM OPINION**

Berkley Regional Insurance Company, Berkley National Insurance Company,

and Brittany Cusack (collectively "Berkley") filed a petition for a writ of mandamus

to instruct the trial court to set aside a Rule 202 order granting Walter Naymola Jr.

1

discovery of insurance claim files relating to a separate active lawsuit in which the plaintiffs seek a declaration that their pre-suit releases of their claims against Naymola are unenforceable. We stayed the depositions pending the resolution of the original proceeding and obtained a response from the Real Party in Interest, Walter Naymola Jr. Brittany Cusack filed a contemporaneous appeal from the same order. *See CMH Homes v. Perez*, 340 S.W.3d 444, 448 (Tex. 2011). We issue a consolidated opinion.

Background

In his Rule 202 petition, Naymola alleged that on June 22, 2022, he was driving a vehicle owned by National Tank & Equipment, LLC ("NTE") when he was involved in a multi-vehicle accident. He alleged that Berkley Regional Insurance Company ("BRIC") provided business auto liability coverage to NTE, and Berkley National Insurance Company ("BNIC") issued a commercial umbrella policy for NTE. According to Naymola, Berkley obtained from Vanessa Edwards, Gabrielle Eastland, Dezman Parkerson, and Lynsey Parkerson, settlement releases of claims against NTE and Naymola. Seeking to avoid the releases, in January 2024, Edwards, Eastland, and the Parkersons filed a lawsuit in Jefferson County under Cause Number 24DCV0131 ("*Edwards* lawsuit"). Naymola alleged that he "seeks to investigate potential claims he may have against Berkley, Cusack, and/or Doe related to their settlement practices in the unlikely instance that any of the Releases

2

are deemed unenforceable." Naymola requested permission to conduct pre-suit discovery to investigate potential tort claims related to their handling of the claims and releases at issue in the *Edwards* lawsuit. Naymola asked to depose BRIC, BNIC, Cusack, and John Doe, regarding contents of all claim files pertaining to the claims of *Edwards* plaintiffs, claims of privilege in respect to the claim files, and all communications between the deposed parties and the *Edwards* plaintiffs. Naymola asked the trial court to order Berkley to produce before the depositions all claim files, including claims notes, written communications between the deponents concerning the claims, communications between Berkley and any counsel retained to provide advice concerning the releases on behalf of Naymola, written communications between Berkley and any of the *Edwards* plaintiffs, written communications between Berkley and any third party—including private investigators, independent adjusters, and law enforcement—concerning the claims, all drafts of the releases, and all photographs, crash reports, and other documentation received or provided to others.

Berkley responded that Naymola's claims were unripe, the trial court lacked subject matter jurisdiction over Naymola's hypothetical claims, that Rule 202 did not allow documentary discovery, and Naymola failed to meet his burden under Rule 202. Berkley argued Naymola was already party to the *Edwards* lawsuit and could readily obtain the discovery in that suit.

In reply, Naymola argued he had already been harmed in that he has been sued and forced to expend funds to defend himself in the *Edwards* lawsuit. According to Naymola, he faced future injury to the extent a judgment might be entered against him despite the execution of the releases because Berkley, through its employees or agents rather than using the services of a licensed attorney, and without Naymola's knowledge, obtained settlement releases from several of the parties now suing Naymola in the *Edwards* lawsuit. Naymola suggested Berkley would vehemently resist discovery in the *Edwards* lawsuit. Naymola argued Rule 202 allows document production because Rule 205 allows notice of deposition and service of a subpoena compelling production of documents from a non-party.

At the hearing on the Rule 202 petition, Naymola's attorney told the trial court that NTE was the insured on the policies and Berkley representatives settled with the plaintiffs while Naymola was hospitalized. The *Edwards* plaintiffs sued Naymola, alleging that the releases are not valid or do not prevent the lawsuit against Naymola. He explained that to adequately defend the *Edwards* lawsuit Naymola was seeking the Berkley claim files and information in Berkley's possession to determine what Berkley did so that Naymola could defend the *Edwards* plaintiffs' attempts to void the releases. Counsel argued that if the releases are determined to be ineffective, Naymola has an additional potential claim against Berkley, and that claim is ripe because there is already a suit on file. Counsel added, "[G]ive the man his file so he

4

can defend himself from the releases that they went and obtained using his name and without his knowledge and without ever telling him." He argued Naymola had been damaged because "they will not produce those documents and have not produced them in the 58th." He argued Naymola was further damaged because Berkley refused to pay his invoices. He added that they were seeking only non-privileged information in the Rule 202 proceeding.

Berkley argued the Rule 202 petition relies on unripe claims that Naymola alleged he might have in the unlikely instance any of the releases are deemed unenforceable. Berkley argued in the *Edwards* lawsuit plaintiffs' counsel served a subpoena on Berkley, Berkley was cooperating in discovery, had made limited production and produced a privilege log, and no motion to compel had been filed. BNIC's privilege log was admitted in evidence at the hearing.

On August 12, 2024, the trial court signed an order granting the Rule 202 petition. The trial court found the material allegations of the verified petition are true, and that the likely benefit of allowing Naymola to take depositions to investigate a potential claim outweighs the burden or expense of the procedure. The trial court ordered that within 30 days Cusack be presented for her deposition, that in advance of her deposition she be fully prepared to testify, and that she be required to produce for inspection, if reviewed by the witness in preparation for her testimony or if essential to providing complete and comprehensive deposition responses, all

5

claim files and documents pertaining to claims by the *Edwards* plaintiffs arising out of the June 22, 2022 vehicular accident involving Naymola. The trial court ordered BRIC to produce, within 30 days, a representative on topics including contents of all claim files pertaining to the *Edwards* plaintiffs, claims of privilege with the claim files, and all communications between BRIC, BNIC, and Cusack and the *Edwards* plaintiffs arising out of the accident. The trial court ordered the witness to be prepared to testify about and, if reviewed by the witness in preparation for the deposition, or if it would be essential to the witness providing complete and comprehensive deposition responses, all claim files and related documents pertaining to the June 22, 2022 accident with Naymola. The trial court ordered BNIC to produce, within 30 days, a representative on topics including contents of all claim files pertaining to the *Edwards* plaintiffs, claims of privilege with the claim files, all communications between BRIC, BNIC, and Cusack and the *Edwards* plaintiffs arising out of the accident. The trial court ordered the witness to be prepared to testify about and, if reviewed by the witness in preparation for the deposition, or if it would be essential to the witness providing complete and comprehensive deposition responses, all claim files and related documents pertaining to the June 22, 2022 accident with Naymola.

## Appeal or Mandamus

Cusack argues the trial court's order is appealable as to her because Naymola has not stated a valid claim against her in his Rule 202 petition. Naymola argues he identified a potential negligence cause of action against Cusack. Generally, "[p]resuit deposition orders are appealable only if sought from someone against whom suit is not anticipated." *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding). An order allowing presuit discovery incident and ancillary to a contemplated lawsuit against the party to be deposed is not a final, appealable order. *IFS Sec. Grp., Inc. v. Am. Equity Ins. Co.*, 175 S.W.3d 560, 563 (Tex. App.—Dallas 2005, no pet.).

In his Rule 202 petition, Naymola asks the court to permit him to conduct pre-suit discovery pursuant to Texas Rule of Civil Procedure 202 to investigate potential claims he may have against Berkley and Cusack. Since the Rule 202 petition lacks an allegation that Cusack is a person against whom suit is not anticipated, and the stated purpose of the petition is to investigate potential claims against her, the order is not final and appealable as to Cusack. *See Jorden*, 249 S.W.3d at 419. Accordingly, we lack jurisdiction over Cusack's appeal. Since the order allowing Naymola to depose Cusack would occur before she will have an opportunity to appeal, appeal would not be an adequate remedy if she can show that the trial court

7

abused its discretion by granting the Rule 202 petition to depose Cusack. *See id.* at 419-20.

Standard of Review

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

"A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). This balancing test is necessarily a fact-specific inquiry that "resists categorization[.]" *Prudential*, 148 S.W.3d at 136. "The most frequent use we have made of mandamus relief involves cases in which the very act of proceeding to

trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). "[P]arties lack an adequate appellate remedy from orders compelling discovery beyond what the rules allow." *In re Millwork*, 631 S.W.3d 706, 714 (Tex. 2021) (orig. proceeding). "An improper order under Rule 202 may be set aside by mandamus." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding).

Rule 202

Rule 202 provides a proceeding that is ancillary to an anticipated suit. *See id.* "'To prevent an end-run around discovery limitations that would govern the anticipated suit, Rule 202 restricts discovery in depositions to the same as if the anticipated suit or potential claim had been filed." *Id.* (internal quotation marks omitted). "Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *Id.* Rule 202 "afford[s] potential litigants a way to conduct discovery prior to the actual initiation of a lawsuit." *In re Overhead Garage Door, LLC*, No. 07-18-00015-CV, 2018 WL 934814, at *2 (Tex. App.—Amarillo Feb. 16, 2018, orig. proceeding) (mem op.). In *Overhead Door*, the appellate court determined the Rule 202 proceeding was moot because the petitioner filed a lawsuit against the anticipated defendant in another court. *See id.* at 3.

The availability of discovery through existing litigation must be a factor in weighing the benefits and burdens of ordering depositions in a Rule 202 proceeding.

*In re Kaddatz*, No. 02-23-00336-CV, 2023 WL 7210337, at \*9 (Tex. App.—Fort Worth Nov. 2, 2023, orig. proceeding) (mem. op.). "Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *Jorden*, 249 S.W.3d at 423.

Naymola failed to show that the likely benefit of taking a Rule 202 deposition outweighs the burden and expense of doing so. *See* Tex. R. Civ. P. 202.4(a)(2). This proceeding is ancillary to an existing suit. The discovery sought by Naymola through a Rule 202 petition is relevant to the *Edwards* lawsuit and is immediately available through third-party depositions and, if necessary, a protective order concerning any documents that are privileged as to the *Edwards* plaintiffs but not as to Naymola. The claims Naymola wishes to investigate, that is, Berkley's and Cusack's actions in obtaining releases from the *Edwards* plaintiffs, are the very subject of the *Edwards* lawsuit. Berkley and Cusack may not be defendants in the *Edwards* lawsuit because the claims against them are not ripe, but discovery is available to Naymola in the existing lawsuit. Naymola neither pleaded and proved why he cannot obtain the discovery in the *Edwards* lawsuit, nor did he explain why the depositions must be taken before he files his anticipated lawsuit against Relators.

Conclusion

We conclude that we lack jurisdiction over Cusack's appeal because her deposition is incident to a contemplated lawsuit against her. Accordingly, we dismiss Cusack's appeal. We conclude the trial court abused its discretion by ordering pre-suit depositions of Cusack and representatives of BRIC and BNIC because Naymola can obtain their depositions in an existing lawsuit. We conclude Relators lack an adequate remedy by appeal because the depositions will have already been taken before they will have an opportunity to appeal. Accordingly, we lift our order granting temporary relief and we conditionally grant mandamus relief. We are confident that the trial court will vacate its order granting Naymola's request to take pre-suit depositions. The writ shall issue only if the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED; APPEAL DISMISSED.

PER CURIAM

Submitted on December 31, 2024
Opinion Delivered April 3, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

11